

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00135-CV
_____

DANNY D. LILE, Appellant

V.

DON SMITH AND WIFE, SHIRLEY SMITH, Appellees

On Appeal from the 62nd Judicial District Court
Delta County, Texas
Trial Court No. 10174

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

## OPINION

Don Smith and wife, Shirley Smith, brought suit against Danny Lile and wife, Paulette Lile, under the Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code), asking for a declaration that the Smiths were the owners of certain lands; at the conclusion of the trial before the court, a judgment was entered declaring that the legal and equitable title of the disputed lands belonged to the Smiths. Lile[1] has appealed. We reverse the judgment of the trial court and render a take-nothing judgment.

**ORIGIN OF DISPUTE**

The seed of this dispute was planted in 1967 when a receiver in a partition suit was appointed to sell certain real estate, including a called thirty-acre tract in the Southern L. Rattan Survey of Delta County, Texas. In the deed executed by that receiver and approved by the judge of the court appointing him, there was additional property included in the receiver's deed which was not contained in the order directing the receiver to sell that additional property measuring forty feet in width and 2,250 feet, more or less, in length which traveled northerly from the northwest corner of the thirty-acre tract to an east/west county road. No evidence was presented that there was any record source of the title to the strip of land (or "lane") received by the receiver and there was no

---

[1]Danny Lile testified at trial that his spouse had died, that he was her sole heir, and stated that he was content to proceed solely. No objection was raised by the Smiths and no suggestion of death was filed by either party. Henceforth, references to those parties will be in the singular.

explanation given for its insertion into the receiver's deed.[2]  There was a regular chain of title of this thirty-acre tract and the lane beginning with the 1967 receiver's deed and ending in a 1994 deed to the Smiths.

During the period of 1994 through 1996, Lile acquired tracts of land situated immediately to the north of the thirty-acre tract which was traversed by the strip of land to which reference is made above.  The location of the lane mentioned in the 1967 receiver's deed conflicted substantially with the lands acquired by Lile.

In 1996, Lile and the Smiths shared the cost of the construction of a fence along the west boundary of the strip of land in controversy.  Lile had his property surveyed in 2002.

In 2006, Lile sent a letter to the Smiths which stated that although Lile had given consent for the use of the lane in the past, that consent was being withdrawn.  The letter further advised the Smiths to inform their renters (who were then using the property) to cease its use.  Lile then fenced both the north and south termini of the lane and locked the entrance of the lane property onto the county road.  This lawsuit was filed shortly after this was done.

## PLEADINGS AND PROCEEDINGS AT TRIAL

The Smiths' initial petition contained only a plea for declaratory judgment relief, seeking a declaration that the Smiths were the owners of the property and that Lile had wrongfully denied them access to it; they also sought the recovery of attorney's fees.  In his original answer, Lile made

---

[2]One is reminded of the story in Greek mythology that Athena sprang full grown from the brow of Zeus.  Here, this "lane" appears to have sprung full grown in the mind of the receiver.

3

exception to the petition, claiming that declaratory judgment was not proper under the circumstances and that the appropriate cause of action was trespass to try title. Without obtaining a ruling on the exception and after the expiration of some months, Lile then made a demand for abstract.[3] Lile never made a pretrial request that the Smiths be barred from introducing written evidence of their claim as provided in Rule 792. *See* TEX. R. CIV. P. 792.

Only two days before trial, the Smiths amended their pleadings, reiterating their same claims for recovery under declaratory judgment, but adding an alternative pleading in trespass to try title. However, at the outset of the trial before the court, the Smiths announced that they were abandoning their trespass to try title pleadings and proceeding solely under the remaining declaratory judgment action. After testimony was given, the trial court entered a judgment declaring that the Smiths were the owners of the legal and equitable title to the land in question and that Lile had wrongfully denied them access to it.

**SUIT AS AN ACTION FOR DECLARATORY JUDGMENT**

Lile's first point of error complains that the trial court had no authority to enter the declaratory judgment finding the Smiths to be the owners of the property.

By statutory mandate, "A trespass to try title action is the method for determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001(a) (Vernon 2000); *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex.1994). Trespass to try title is the exclusive

---

[3]TEX. R. CIV. P. 791.

remedy by which to resolve competing claims to property. *Ely v. Briley*, 959 S.W.2d 723, 727 (Tex. App.—Austin 1998, no pet.); *Kennesaw Life & Accident Ins. Co. v. Goss*, 694 S.W.2d 115, 117–18 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The exclusivity of this remedy and the pleading requirements which accompany it are long standing and well established in Texas. "The action of trespass to try title is the only formal civil action known to our law, and the statute states substantially what the form shall be." *Rains v. Wheeler*, 76 Tex. 390, 13 S.W. 324, 325 (1890). The suit in trespass to try title is unique and governed by rather precise rules regarding its pleading and prosecution (TEX. R. CIV. P. 783–809), the violation of which can be fatal to the suit.

Perhaps due to fear of venturing into what might be uncharted territory for many attorneys or due to an effort to seek recovery of attorney's fees,[4] it is not uncommon for litigants to attempt to circumvent an action in trespass to try title by proceeding under the pleading format of a petition for declaratory judgment.

For many years in Texas, although the subject matter of a suit for declaratory judgment did not include boundary disputes as to land, it did have the following inclusion: "A person interested under a deed, will, written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a)

---

[4]The only circumstance under which attorney's fees can be collected in a trespass to try title suit involves the circumstance where a record title owner brings suit against a trespasser. TEX. CIV. PRAC. & REM. CODE ANN. § 16.034 (Vernon 2002).

(Vernon 2008).  This statute led some to attempt to employ the vehicle of a declaratory judgment action in circumstances which had been previously the sole province of trespass to try title, particularly in suits involving boundary disputes between adjoining property owners.  The apparently finite distinctions necessary to determine between issues which may have been tried as a declaratory judgment action or which must have been tried as a trespass to try title suit led to conflicting conclusions in cases decided by this Court and at least one other.  In *Goebel v. Brandley*, 76 S.W.3d 652 (Tex. App.—Houston [14th Dist.] 2002, no pet.), the holding was that a boundary dispute was proper grist for a declaratory judgment action.  This Court contrarily determined that since such a dispute involved resolution of the title to lands, it was necessary that such an action be brought as a trespass to try title action.  *Amerman v. Martin*, 83 S.W.3d 858 (Tex. App.—Texarkana 2002), *aff'd*, 133 S.W.3d 262 (Tex. 2004).  The Texas Supreme Court resolved the conflict by agreeing with this Court that an action to determine a boundary may not be brought as a declaratory judgment, but must be prosecuted as a trespass to try title suit.  *Amerman*, 133 S.W.3d 262.  However, in 2007, the Legislature then added a subsection (c) to Section 37.004 of the Texas Civil Practice and Remedies Code, specifically permitting a boundary dispute to be litigated as a declaratory judgment action, apparently negating that ruling.

Texas courts have zealously guarded the antique suit of trespass to try title, one court even recently ruling that an action to determine the identity of the party possessing the executive rights under a reservation of oil and gas mineral estate could not be brought as a declaratory judgment

6

action, but could only be prosecuted as a suit in trespass to try title. *Veterans Land Bd. v. Lesley*, No. 11-07-00034-CV, 2009 Tex. App. LEXIS 382 (Tex. App.—Eastland Jan. 22, 2009, pet. filed).

One must look to determine if the heart of the controversy is to determine a boundary or whether its true aim is to determine the title to land. "The proper test for determining if the case is one of boundary is as follows: If there would have been no case but for the question of boundary, then the case is necessarily a boundary case even though it might involve questions of title." *Plumb v. Stuessy*, 617 S.W.2d 667, 669 (Tex. 1981). There is no indication that the controversy in this case arose in a dispute over the location of a boundary. The Smiths' petition made no such claim but, rather, sought a declaration that they were the "owners" of the disputed property by virtue of a deed and granting them "ownership" of the property. The evidence at trial supported no claim of a disputed boundary; rather, Don Smith's testimony was that fences were erected jointly by the Smiths and Lile on an agreed situs along the long east and west boundaries of the disputed property. The final judgment evidences no claim to resolve a boundary dispute; rather, it simply purports to find the "legal and equitable title [of the lane the subject of the lawsuit] . . . lies in Plaintiffs, Don Smith and wife, Shirley Smith . . . ." There was, therefore, no existing boundary question which gave rise to a claim under the newest amendment to the declaratory judgment act. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(c) (Vernon 2008).

Plainly, the issue was not one of the location of a boundary but was, instead, the determination of the title to a well-defined parcel of land. As such, the action could not have been

7

prosecuted as a declaratory judgment action, but must, instead, have been the subject of a suit in trespass to try title.

Since the exclusive remedy available to the Smiths was in trespass to try title and not in declaratory judgment, we sustain Lile's first point of error.

**FAILURE TO FIND FOR APPELLANT IN TRESPASS TO TRY TITLE**

Lile next complains that although he presented sufficient evidence to support a finding that he was the owner of the tract of land in dispute, the trial court erred in not having granted judgment to him for the title and possession of the property.

Although Lile's appellate brief mentions "[his] trespass to try title action," the record does not reveal that Lile filed any such pleading seeking affirmative relief.

Had this been brought by the Smiths as a trespass to try title action, and if the Smiths had failed to meet the requisite standard of proof to sustain that claim, then it would have been proper for the trial court to have entered a take-nothing judgment against them. The effect of a take-nothing judgment in a suit for trespass to try title is to vest whatever claim or title to the lands which the plaintiff possesses in the defendant. This harsh rule has remained the law in Texas for well over a century. *French v. Olive*, 67 Tex. 400, 3 S.W. 568 (1887); *Permian Oil Co. v. Smith*, 129 Tex. 413, 73 S.W.2d 490 (1934), *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961). Even had the suit been brought and prosecuted by the Smiths as a suit in trespass to try title and had failed to prove title to

be vested in them, in the absence of an affirmative plea for relief, a proper judgment would have been a take-nothing judgment.

However, Lile has successfully argued that the Smiths' sole available remedy rested in bringing an action in trespass to try title, a claim which was abandoned by them before trial commenced. There is no doubt that a suit in trespass to try title was not before the court.

Further, the record does not reflect that Lile brought any counterclaim or other action in trespass to try title or for any other affirmative relief. Rather, his claims were solely defensive in nature.

The Rules under which Texas courts operate require that the "judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict." TEX. R. CIV. P. 301. A party may not be granted relief in the absence of pleadings to support that relief. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979).

Lile, having not filed pleadings requesting relief in trespass to try title, cannot now complain that the judgment does not grant him that relief.

We overrule this point of error.

Although Lile has raised a point of error regarding the admission of evidence over his hearsay objection, the two rulings above are dispositive of the case. Accordingly, we need not address the evidence objection.

9

We reverse the ruling of the trial court and render a judgment that the Smiths take nothing under their action for declaratory judgment.

Bailey C. Moseley
Justice

Date Submitted:     June 11, 2009
Date Decided:       June 12, 2009