NO. 07-11-0350-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 DECEMBER 12, 2012
 _____________________________
 
 BILLIE AND CAROLYN BUCKINGHAM
 AND 
 BRITT AND TARA BUCKINGHAM, 
 
 Appellants 
 v.
 
 JOSH MCAFEE AND SHAWN SCHOLL, 
 
 Appellees
 _____________________________
 
 FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;
 
 NO. 12,356; HONORABLE DAVID L. GLEASON, PRESIDING
 _____________________________
 
 Dissenting Opinion
 _____________________________
 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 The underlying dispute in this appeal involves title to the riverbed of the North Fork of the Red River as it meanders through Section Ninety Three (93), Block Thirteen (13) of the H&GN RR Co. survey in Wheeler County, Texas. The majority finds the trial court did not err in declaring, via a declaratory judgment entered pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, that Appellants do not own the disputed riverbed. I respectfully disagree. The majority further finds that Appellants waived the right to complain about the use of a declaratory judgment proceeding as a means of adjudicating title. To the extent that the majority opinion can be read as holding that a declaratory judgment proceeding can be used as a vehicle to adjudicate title to real property, I respectfully dissent.
 It is undisputed that this action involves a title dispute. Appellants claim title to the riverbed in question by virtue of a chain of title originating from two separate deeds from George M. Counts, executed in 1912. Appellees claim title to the riverbed by virtue of a chain of title originating from a quitclaim deed, also signed by G. M. Counts, but executed over ten years later in 1923. At the time the trial court entered its partial summary judgment declaring Appellees to be the "lawful and rightful owners" of the riverbed, Appellees had only pled for a declaratory judgment. The partial summary judgment was made final by the trial court's Final Judgment signed June 6, 2011.
 The Declaratory Judgments Act found in Chapter 37 of the Texas Civil Practice and Remedies Code provides an efficient vehicle for parties to seek a declaration of their respective rights under certain instruments, including deeds. Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004). It is not, however, the appropriate vehicle for determining title disputes. Generally, a trespass to try title action is the exclusive method in Texas for adjudicating disputed claims of title to real property. Id. at 264. The Texas Property Code provides that "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000) (emphasis added).
 The strict pleading and proof requirements applicable to trespass-to-try-title actions have sometimes lead to harsh results. See Tex. R. Civ. P. 783-809. In order to prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. Land v. Turner, 377 S.W.2d 181, 183 (Tex. 1964). To lessen these harsh effects, prior to the 2007 amendments to section 37.004, the Supreme Court relaxed those formal proof requirements when the sole dispute between the parties involved the location of a boundary line. Martin, 133 S.W.3d at 165. Other courts have also approved the use of a declaratory judgment action when the dispute centered around the question of the continued operation or validity of an oil and gas lease. E.g. Teon Mgmt., LLC v. Turquoise Bay Corp., 357 S.W.3d 719 (Tex.App. -- Eastland 2011, pet. denied); Krabbe v. Anadarko Petroleum Corp., 46 S.W.3d 308 (Tex.App. -- Amarillo 2001, pet. denied).
 Here, however, the dispute is clearly over title to the entire riverbed, not just the location of its boundaries. Appellees neither pled nor proved a trespass-to-try-title action, and the trial court erred in declaring title to the disputed riverbed as either vesting in Appellees, or not vesting in Appellants. See Lile v. Smith, 291 S.W.3d 75, 77-78 (Tex.App.--Texarkana 2009, no pet.). Because the trial court erred, I would sustain Issue Number 4, pretermit the remaining issues, and reverse and remand this cause of action for further proceedings consistent with this opinion. See Tex. R. App. P. 47.1.

 Patrick A. Pirtle
 Justice