NO. 07-11-0350-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 12, 2012
_____

BILLIE AND CAROLYN BUCKINGHAM
AND
BRITT AND TARA BUCKINGHAM,

                                                                Appellants
                                        v.

JOSH MCAFEE AND SHAWN SCHOLL,

                                                                Appellees
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 12,356; HONORABLE DAVID L. GLEASON, PRESIDING
_____

DISSENTING OPINION
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

The underlying dispute in this appeal involves title to the riverbed of the North Fork of the Red River as it meanders through Section Ninety Three (93), Block Thirteen (13) of the H&GN RR Co. survey in Wheeler County, Texas. The majority finds the trial court did not err in declaring, via a declaratory judgment entered pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, that Appellants do not own the

disputed riverbed. I respectfully disagree. The majority further finds that Appellants waived the right to complain about the use of a declaratory judgment proceeding as a means of adjudicating title. To the extent that the majority opinion can be read as holding that a declaratory judgment proceeding can be used as a vehicle to adjudicate title to real property, I respectfully dissent.

It is undisputed that this action involves a title dispute. Appellants claim title to the riverbed in question by virtue of a chain of title originating from two separate deeds from George M. Counts, executed in 1912.[1] Appellees claim title to the riverbed by virtue of a chain of title originating from a quitclaim deed, also signed by G. M. Counts, but executed over ten years later in 1923.[2] At the time the trial court entered its partial summary judgment declaring Appellees to be the "lawful and rightful owners" of the

---

[1]On April 9, 1912, via a general warranty deed recorded at Vol. 3, Page 501, of the deed records of Wheeler County, Texas, G. M. Counts conveyed to Gideon Bell, land described as:

> "tract or parcel of land out of Section Ninety Three (93), Block Thirteen (13), H&GN RR Co. Survey, in Wheeler County, Texas and being that fifty (50) acres, moore (sic) or less out of said section lying North of the North Fork of Red River . . . ."

On October 30, 1912, via a general warranty deed recorded at Vol. 29, Page 348, of the deed records of Wheeler County, Texas, George M. Counts conveyed to F.G. Ford, land described as:

> "All of Section Ninety Three (93), in Block Thirteen (13), of the H&GN RR Co. Survey, which lies South of [the] Red River, and being five hundred acres, more or less, the north boundary of the tract hereby conveyed being the Red River with its meanderings  . . . ."

Gideon Bell and F.G. Ford are the predecessors in title of Appellants.

[2]On May 7, 1923, via a quitclaim deed recorded at Vol. 48, Page 392, of the deed records of Wheeler County, Texas, G.M. Counts conveyed to Geneva D. Mullen, land described as:

> "Ninety acres of land (90 acres) known as a part of Section No. 93, in Block No. 13, Certificate No. 2/307 of the H&GN RR Co. [survey] the land conveyed being the land lying between the North Bank and the South Bank of the North Fork of [the] Red River, according to its meanderings."

Geneva D. Mullen is the predecessor in title of Appellees.

riverbed, Appellees had only pled for a declaratory judgment. The partial summary judgment was made final by the trial court's *Final Judgment* signed June 6, 2011.

The Declaratory Judgments Act found in Chapter 37 of the Texas Civil Practice and Remedies Code provides an efficient vehicle for parties to seek a declaration of their respective rights under certain instruments, including deeds. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). It is not, however, the appropriate vehicle for determining title disputes. Generally, a trespass to try title action is the exclusive method in Texas for adjudicating disputed claims of title to real property.[3] *Id.* at 264. The Texas Property Code provides that "[a] trespass to try title action is *the* method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001 (WEST 2000) (emphasis added).

The strict pleading and proof requirements applicable to trespass-to-try-title actions have sometimes lead to harsh results. *See* TEX. R. CIV. P. 783-809. In order to prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964). To lessen these harsh effects, prior to the 2007 amendments to section 37.004, the Supreme Court relaxed those formal proof requirements when the sole dispute between the parties involved the location of a boundary line. *Martin*, 133 S.W.3d at 165. Other courts have also approved the use of a declaratory judgment action when the dispute

---

[3]In 2007, the Texas Legislature added an exception to this general rule. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(c) (WEST 2008) (pertaining to the adjudication of the proper boundary line between adjoining properties). The dispute in this case is not a boundary line dispute.

centered around the question of the continued operation or validity of an oil and gas lease. *E.g. Teon Mgmt., LLC v. Turquoise Bay Corp.,* 357 S.W.3d 719 (Tex.App.—Eastland 2011, pet. denied); *Krabbe v. Anadarko Petroleum Corp.,* 46 S.W.3d 308 (Tex.App.—Amarillo 2001, pet. denied).

Here, however, the dispute is clearly over title to the entire riverbed, not just the location of its boundaries. Appellees neither pled nor proved a trespass-to-try-title action, and the trial court erred in declaring title to the disputed riverbed as either vesting in Appellees, or not vesting in Appellants. *See Lile v.* Smith, 291 S.W.3d 75, 77-78 (Tex.App.--Texarkana 2009, no pet.). Because the trial court erred, I would sustain Issue Number 4, pretermit the remaining issues, and reverse and remand this cause of action for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 47.1.


Patrick A. Pirtle
Justice

4