**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00183-CV**
_____

**ANN ADKISSON LACKEY, ET AL, Appellants**

**V.**

**LINDA TEMPLETON, INDIVIDUALLY AND AS TRUSTEE IN THE
WILL OF DOYLE WADE TEMPLETON, ET AL, Appellees**

**On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 34173**

**MEMORANDUM OPINION**

In this appeal, we consider whether the trial court properly granted partial motions for summary judgment in favor of the appellees, who failed to plead a trespass-to-try-title action in a case concerning a dispute over the ownership of mineral estates to two tracts of land. Appellees Linda Templeton, Individually and as Trustee in the Will of Doyle Wade Templeton ("Templeton"), sued for a declaratory judgment that she owned the mineral estates to two tracts of land located

1

in Jasper County, Texas. Appellee Lee Ellen Kahla ("Kahla") intervened and sought a declaratory judgment that she owned part of the mineral estate to one of the tracts of land. The appellants Ann Adkisson Lackey, Charles Albert Adkisson, Margaret Adkisson Messinger, Richard Thorpe, Nathan Clay Carpenter, Carol Carpenter Wood (collectively "the Adkisson Defendants"); Marjorie Hoyt Monts, Stewart R. Hoyt, Jean F. Beal, Sally Bennet, William C. Hoyt (collectively "the Hoyt Defendants"); BBX Operating, LLC, Border to Border Exploration, LLC, Kodiak Resources, Inc. (collectively "the Kodiak Defendants"); Barry Coates-Roberts and George L. Stieren, as Trustees of Coates Energy Trust, Jenny Roberts Schimpff Trust, Catherine G. Roberts Trust, Barry Coates-Roberts Trust, Lisa Stieren Hardeman Trust, George L. Stieren Trust, Wendy Stieren Wirth Trust, Kelly Stieren Daniell Trust, Amy E. Stieren Trust, Orange River Royalties, LLP (collectively "the Coates Defendants"); Kathryn Williams [Chauveaux] and N.D. (Doug) Williams, individually and as Co-Executors of the Estate of Elta Smith Williams, Deceased, and as Co-Trustees of the N.D. Williams Trust and Elta Smith Williams Trust (collectively "the Williams Defendants"); and BP America Production Company ("BP")[1] filed special exceptions complaining that Templeton and Kahla had brought

---

[1] We will refer to the appellants collectively as "the defendants."

2

the wrong cause of action to obtain a determination of title and needed to replead the case as a trespass-to-try-title action.

The trial court denied the defendants' special exceptions, granted Templeton's and Kahla's motions for partial summary judgment seeking a declaration that they owned the mineral estates, and denied the defendants' motions for summary judgment. Because Templeton and Kahla failed to plead and prove a claim for trespass to try title, we reverse the trial court's order denying the defendant's special exceptions, reverse the trial court's partial summary judgments in favor of Templeton and Kahla, reverse the trial court's orders denying the defendants' motions for summary judgment, and render a judgment that Templeton and Kahla take nothing under their actions for declaratory judgment.

## PROCEDURAL BACKGROUND

In Templeton's petition, Templeton sought a declaration that she owns 100% of the minerals to a 98.785 acre tract ("Tract 1") and to a 50 acre tract ("Tract 2") in Jasper County, Texas, and that the Williams Defendants and their predecessors own none of the minerals. A 1992 deed shows that the Williams Defendants conveyed Tract 1 to Templeton and John Michael Smith Sr. ("Smith") conveyed Tract 2 to Templeton. The record shows that in 1991, the Williams Defendants conveyed the surface only of Tract 2 to Smith. The record further shows that on the same day that

3

the Williams Defendants conveyed Tract 1 to Templeton, Templeton executed a deed conveying 48.875 acres out of Tract 1 to Kahla. Templeton sought a declaration that the 1992 deed conveyed Templeton 100% of the minerals to Tracts 1 and 2, and that the language of the 1992 deed shows that the Williams Defendants and their predecessors failed to reserve any of the mineral estates. Templeton sought damages from the Kodiak Defendants for trespassing on the property and producing minerals from Templeton's mineral estates without permission. Templeton also sought to recover attorney's fees.

Kahla filed a petition in intervention in which she sought a declaration that she owns the mineral interests to the 48.875 acres out of Tract 1 that Templeton had conveyed to her and that the Williams Defendants own none of the minerals. In her amended petition, Templeton alternatively sought a declaration that she owns 100% of the minerals to 50 acres of Tract 1 and 100% of the minerals of Tract 2. Templeton also sought a declaration and accounting as to the minerals and royalties taken under invalid instruments and sought to recover wrongfully paid royalties.

The Kodiak, Adkisson, Coates, and Hoyt Defendants and BP filed an answer and special exceptions complaining that Templeton and Kahla had brought the wrong cause of action to obtain a determination of title, and that Templeton needed to replead the case as a trespass-to-try-title action. The Kodiak, Coates, and Hoyt

4

Defendants also argued that Templeton was not entitled to recover attorney's fees under the statute governing trespass-to-try-title actions, and that repleading a claim as a declaratory judgment solely to obtain attorney's fees is prohibited under Texas law. According to the Kodiak Defendants, if Templeton failed to replead the case as a trespass-to-try-title action, her case must be dismissed. The Kodiak, Coates, and Hoyt Defendants and BP raised affirmative defenses, including estoppel by deed and statute of limitations.

The Williams Defendants also filed an answer and special exceptions requesting that Templeton replead her case as a trespass-to-try-title action and join all necessary parties. According to the Williams Defendants, the 1992 deed from the Williams Defendants to Templeton is derived from an original deed for a 407.5 acre tract which was recorded by W.P. Smith in 1915, and Templeton claims that a portion of her mineral interests derive from a 1932 mineral deed from W.P. Smith to Interstate Royalty Corporation ("Interstate"). The Williams Defendants maintained that the 1932 mineral deed from W.P. Smith to Interstate was filed after W.P. Smith executed a deed of trust to The Federal Land Bank ("Federal") in 1919 to secure a note on the 407.5 acre tract, which Federal then assigned to N.D. Williams.

5

According to the Williams Defendants, N.D. Williams foreclosed on the deed of trust and acquired the 407.5 acre tract in a substitute trustee's deed in 1945, and then made eight conveyances in which he specifically recognized the 1932 mineral deed to Interstate and acknowledged that Interstate owned one-half of the minerals under the eight individual tracts. The Williams Defendants argued that estoppel by deed renders the foreclosure moot to the extent it would have wiped out W.P. Smith's mineral deed to Interstate. The Williams Defendants affirmatively pleaded that the 1992 deed from the Williams Defendants to Templeton is ambiguous and that any discrepancy in the 1992 deed relating to the reservation of the entire mineral interest is the result of a mutual mistake or scrivener's error and requested reformation, and also pleaded statute of limitations.

In Templeton's response in opposition to the Kodiak Defendants' special exceptions, Templeton argued that the Kodiak Defendants claim ownership and title to one-half of the mineral estates of Tracts 1 and 2 by virtue of the 1932 mineral deed from W.P. Smith to Interstate, which was subordinated to the 1919 deed of trust that was wiped out upon the 1945 foreclosure. Templeton argued that the trial court would have to determine whether W.P. Smith's 1932 mineral deed, as well as N.D. Williams's subsequent conveyances, are valid in light of the 1945 foreclosure. Templeton requested that the trial court cancel all of the instruments pursuant to

which the Kodiak Defendants claim title because they constitute an impermissible cloud on Templeton's title, and declare that Templeton owns 100% of the mineral estates of Tracts 1 and 2. Templeton also requested that the trial court overrule the Kodiak Defendants' special exceptions, arguing that because her pleadings satisfy the pleading requirements for a trespass-to-try-title action under Texas Rule of Civil Procedure 783, her declaratory judgment action should proceed as a trespass-to-try-title action. *See* Tex. R. Civ. P. 783.

Templeton filed a motion for partial summary judgment seeking a declaration that all mineral interests purporting to originate from the 1932 mineral deed are void and unenforceable. According to Templeton, the Adkisson, Coates, Hoyt, and Kodiak Defendants claim ownership and title to one-half of the mineral interests owned by Templeton pursuant to the 1932 mineral deed, and Templeton argues that she is entitled to summary judgment canceling the mineral interests of these defendants because the 1932 mineral deed was wiped out by foreclosure. Templeton also argued that the defendants' estoppel by deed argument fails as a matter of law because it cannot be used to contravene the superior rights created by the 1919 deed of trust and the extinguishment of all subordinate interests created by the 1932 mineral deed as a result of the foreclosure.

Attached to Templeton's partial motion for summary judgment are copies of the 1992 deed conveying Tracts 1 and 2 to Templeton; the 1932 mineral deed from W.P. Smith to Interstate; several oil and gas leases in favor of the Kodiak Defendants and covering and affecting those certain mineral interests in and under the 407.5 acres in Jasper County, Texas, owned by the Coates, Adkisson, and Hoyt Defendants as a result of the 1932 mineral deed to Interstate; a partially illegible copy of the 1919 deed of trust from W.P. Smith to Federal covering the 407.5 acres in Jasper County, Texas; a partially illegible copy of the 1945 assignment of W.P. Smith's debt and lien from Federal to N.D. Williams; the 1945 trustee's deed to N.D. Williams; and the 1991 deed from the Williams Defendants to Smith conveying the surface only of Tract 2.

Templeton also filed a motion for partial summary judgment seeking a declaration that (1) she was conveyed 100% of the minerals of Tracts 1 and 2 and that the Williams Defendants failed to reserve any minerals in the 1992 deed; (2) she owns 100% of the minerals to 50 acres of Tract 1, subject to a mineral lease Templeton granted to a third party, and 100% of the minerals of Tract 2; (3) Kahla owns minerals to 48.785 acres of Tract 1; and (4) all documents to which the Williams Defendants and their lessees claim title to the mineral estates of Tracts 1

and 2 are cancelled as constituting impermissible clouds on Templeton's title. Kahla adopted Templeton's motion for partial summary judgment.

Templeton also filed a motion for partial summary judgment seeking dismissal with prejudice of the Williams Defendants' request for reformation of the 1992 deed based on mistake. Templeton argued that the Williams Defendants' reformation claim is barred by the statute of limitations as a matter of law because plainly obvious material omissions in an unambiguous deed charge the parties with irrefutable notice from the date of the deed's execution for limitations purposes. According to Templeton, because the Williams Defendants' reformation claim is untimely, the trial court should dismiss the claim with prejudice and render partial summary judgment in her favor. Templeton attached as summary judgment evidence the 1991 and 1992 deeds, the Williams Defendants' responses to Templeton's request for disclosure, the 1919 deed of trust, the 1945 assignment, and the 1945 trustee's deed.

The Kodiak Defendants filed a motion for summary judgment arguing that Templeton does not own 100% of the minerals. The Coates Defendants joined in the Kodiak Defendants' motion for summary judgment. The Kodiak Defendants argued that after the 1945 foreclosure sale, N.D. Williams acknowledged that Interstate owned one-half of the mineral estate of the 407.5 acre tract pursuant to the 1932

9

mineral deed, and that N.D. Williams acknowledged Interstate's interest in subsequent deeds that are recorded in the Jasper County land records. According to the Kodiak Defendants, N.D. Williams observed the equitable doctrine of inverse order of alienation by acknowledging that he had only purchased one-half of the mineral estate at the foreclosure sale, and since 1932, numerous leases and conveyances had been made with respect to Interstate's interest. The Kodiak Defendants maintained that estoppel by deed prevents Templeton from seeking title to Interstate's one-half interest in the mineral estate in derogation of the 1932 mineral deed.

The Kodiak Defendants argued that Templeton did not own any mineral rights to Tract 1 because the Williams Defendants reserved the mineral rights in the 1992 deed, which contains explicit language reserving the minerals. The Kodiak Defendants further argued that Templeton could not claim any rights to the mineral estate of Tract 2 because Smith only owned the surface estate when he sold the property to Templeton. According to the Kodiak Defendants, Templeton had improperly pleaded a declaratory action to obtain attorney's fees and seek a determination of title; therefore, they are entitled to summary judgment because Templeton had failed to state a claim upon which relief may be granted. The Kodiak

Defendants further argued that Templeton had failed to meet her burden of showing that she had standing to bring a case for trespass damages.

The Kodiak Defendants also filed amended motions for summary judgment against Templeton and Kahla concerning their claims of trespass and unjust enrichment, and BP joined in the Kodiak Defendants' amended motions. The Hoyt and Williams Defendants also joined in the Kodiak Defendants' amended motions for summary judgment against Templeton and Kahla.

The trial court granted Templeton's partial motion for summary judgment seeking dismissal with prejudice of the Williams Defendants' request for reformation. The trial court granted Templeton's partial motion for summary judgment seeking a declaration that all mineral interests purporting to originate from the 1932 mineral deed from W.P. Smith to Interstate are void and unenforceable. The trial court declared that any interest claimed by any defendant in this case based on the 1932 mineral deed was extinguished by the 1945 foreclosure, including oil and gas mineral leases concerning the Kodiak, Hoyt, Coates, and Adkisson Defendants.

The trial court also granted Templeton's motion for partial summary judgment seeking a declaration of mineral ownership to Tracts 1 and 2, declaring that (1) the Williams Defendants and Smith did not reserve minerals in the 1992 deed conveying

Tracts 1 and 2 to Templeton; (2) 100% of the minerals to Tracts 1 and 2 were conveyed to Templeton; (3) Templeton did not reserve minerals in the 1992 deed conveying 48.785 acres to Kahla; (4) Templeton owns 100% of the minerals to 50 acres of Tract 1, subject to a lease; (5) Kahla owns 100% of the minerals to 48.785 acres in Tract 1; and (6) Templeton owns 100% of the minerals to the 50 acres in Tract 2. The trial court ordered that all mineral leases executed by the Williams Defendants purporting to convey mineral rights to Tracts 1 and 2 are cancelled as constituting a cloud on title to the mineral ownership vested in Templeton and Kahla.

The trial court overruled the defendants' special exceptions and denied the defendants' motions for summary judgment. The Coates and Hoyt Defendants filed a motion for reconsideration and motion for new trial. The Kodiak Defendants filed a motion to sever Templeton's claims that are independent of Templeton's claims regarding ownership of the mineral estates and to hold those claims in abeyance pending the resolution of the title issues made the basis of the trial court's orders granting partial summary judgment in favor of Templeton and Kahla. The trial court severed Templeton's and Kahla's claims for damages and attorney's fees and abated the severed cause during the pendency of this appeal "to render final for purposes of appeal all previous orders signed by the Court in this case[.]" The trial court denied BP's motion to withdraw the severance.

The defendants appealed the trial court's orders overruling the defendants' special exceptions, sustaining Templeton's and Kahla's objection to defendants' summary judgment evidence, granting partial summary judgment in favor of Templeton and Kahla, denying the defendants' motions for summary judgment, severing and abating Templeton's other causes of action, and denying to withdraw the severance order.

## STANDARD OF REVIEW

We review a trial court's ruling on a traditional motion for summary judgment using a de novo standard of review. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for summary judgment must demonstrate to the trial court that no genuine issue of material fact existed and show that it was entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see also Knott*, 128 S.W.3d at 216. On appeal, we review the summary-judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We credit evidence that is favorable to the losing party if reasonable jurors could, and we disregard evidence that contradicts the losing party's evidence unless the evidence cannot reasonably be disregarded. *Id.* at 827. Evidence is

13

conclusive only if the trial court could have reached only one conclusion from the summary-judgment evidence that was before it. *See id.* at 816.

With respect to the defendants' motions for summary judgment, defendants were required to either conclusively negate at least one essential element of each of the plaintiffs' causes of action, or, through the defendants own summary-judgment evidence, to conclusively establish each of the elements of an affirmative defense. *See Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When both the plaintiffs and defendants move for summary judgment and the trial court grants one motion and denies the other, all of the summary-judgment evidence before the trial court is reviewed in the appeal to determine the questions that are presented by the competing motions. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When possible, in cases involving cross-motions for summary judgment, the appellate court must render the judgment the trial court should have rendered in the case. *Id.*

Applicable Law

The Declaratory Judgments Act ("DJA") provides that "a person interested under a deed . . . or whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal

14

relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2015). A declaratory judgment action "provides an efficient vehicle for parties to seek a declaration of rights under certain instruments[.]" *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). The pleading and proof requirements under the DJA differ from those required under the Texas Property Code, and only the DJA allows a party to recover attorney's fees. *See id.* at 265-67.

The Texas Property Code states that a "trespass to try title action is the method of determining title to lands, tenements, and other real property." Tex. Prop. Code Ann. § 22.001(a) (West 2014). A trespass-to-try-title action is the exclusive remedy by which to resolve competing claims to property. *Lile v. Smith*, 291 S.W.3d 75, 77 (Tex. App.—Texarkana 2009, no pet.). Actions under the Property Code involve detailed pleading and proof requirements. *Martin*, 133 S.W.3d at 265 (citing Tex. R. Civ. P. 783-809). "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Id.*

Although the issue of whether a claimant must seek relief related to property issues through a trespass-to-try-title action, as opposed to a declaratory judgment action, has been the source of some confusion, the Texas Supreme Court recently

15

noted that the Texas Property Code states that a trespass-to-try-title action is the method of determining title to land and that the trespass-to-try-title statute only applies when the claimant is seeking to establish the claimant's ownership of the real property at issue. *Lance v. Robinson*, 543 S.W.3d 723, 735-36 (Tex. 2018); *see* Tex. Prop. Code Ann. § 22.001(a). A dispute involving a claim of superior title must be brought as a trespass-to-try-title action. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 926 (Tex. 2013). A dispute based on a claim of superior title is a trespass-to-try-title action, and the underlying nature of the suit is not changed by a litigant couching its requested relief in terms of declaratory relief. *Jinkins v. Jinkins*, 522 S.W.3d 771, 786 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Tex. Parks & Wildlife Dept. v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011)).

When a case involves rival claims to a mineral estate, and every substantive issue is resolved when the trial court determines who owns the mineral estate, the case involves a title determination that must be brought as a trespass-to-try-title action. *See Wolfe v. Devon Energy Prod. Co., LP*, 382 S.W.3d 434, 460-61 (Tex. App.—Waco 2012, pet. denied); *Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 727 (Tex. App.—Eastland 2011, pet. denied). When a plaintiff fails to establish superior title to a mineral estate in a trespass-to-try-title action, the proper

procedure is for the trial court to enter a take-nothing judgment. *See XTO Energy, Inc. v. EOG Res., Inc.*, No. 04-17-00046-CV, 2018 WL 1610940, at \*3 (Tex. App.— San Antonio April 4, 2018, no pet. h.).

ANALYSIS

On appeal, the defendants argue, among other things, that the trial court erred by granting two partial summary judgments in favor of Templeton and Kahla and by denying the defendants' competing motions for summary judgment, because Templeton and Kahla pursued a declaratory judgment action rather than a trespass-to-try-title action. According to the defendants, because a trespass-to-try-title action is the sole method of determining title to land or real property, the trial court erred by denying the defendants' special exceptions complaining that Templeton's and Kahla's suits seeking to adjudicate title to mineral estates were improperly brought under the DJA.

Templeton and Kahla pleaded and sought summary judgment on their claims regarding the ownership of mineral estates under the DJA. Although the resolution of Templeton's and Kahla's claims concerns the construction of deeds and other legal instruments, the fact that the DJA might otherwise cover their claims does not mean that the claims may be brought under the DJA if they must be brought as trespass-to-try-title actions. *See Martin*, 133 S.W.3d at 267; *Jinkins*, 522 S.W.3d at

17

786. The trial court declared that Templeton and Kahla owned certain portions of the mineral estates and that the defendants did not own any mineral interests. Additionally, when the trial court declared that the 1932 mineral deed was invalid, the trial court made a title determination. *See Teon Mgmt., LLC*, 357 S.W.3d at 724. Because Templeton's and Kahla's claims under the DJA sought title to disputed mineral estates, their claims fall within the category of claims required to be brought as trespass-to-try-title actions. *See Coinmach Corp.*, 417 S.W.3d at 926; *Wolfe*, 382 S.W.3d at 460-61; *Teon Mgmt., LLC*, 357 S.W.3d at 727.

We conclude that Templeton and Kahla were required to plead and prove a trespass-to-try-title action because their pleadings and motions for partial summary judgment sought to adjudicate title to mineral estates. We further conclude that because Templeton and Kahla failed to plead a trespass-to-try-title action, the trial court erred in denying the defendants' special exceptions, granting Templeton's and Kahla's motions for partial summary judgment, and denying the defendants' motions for summary judgment. We sustain the Adkisson Defendants' issues one, two, and three; the Coates Defendants' issues one, two, three, and four; the Kodiak, Hoyts, and Williams Defendants' first issue; and BP's third issue. Accordingly, we reverse the trial court's order denying the defendants' special exceptions, reverse the trial court's partial summary judgments in favor of Templeton and Kahla, reverse

18

the trial court's orders denying the defendants' motions for summary judgment, and render judgment that Templeton and Kahla take nothing under their actions for declaratory judgment, without prejudice to any trespass to try title claims. Having reversed the trial court's partial summary judgments in favor of Templeton and Kahla and rendered a take-nothing judgment, we need not consider the defendants' remaining issues because they would not result in greater relief. *See* Tex. R. App. P. 47.1.

REVERSED AND RENDERED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 1, 2018
Opinion Delivered July 12, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.